IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LEROY K. SMALLS, II, ) | |
| *a.k.a. Leroy K. Smalls*, ) | |
| #211241, ) | |
| ) | CIVIL ACTION NO. 9:16-cv-639-JMC-BM |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| WARDEN OF KIRKLAND ) | |
| CORRECTIONAL INSTITUTION, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, an inmate with the South Carolina Department of Corrections serving a life sentence for murder, through the filing of this action seeks a writ of habeas corpus. The petition was filed pro se on February 24, 2016.[1] In this case, Petitioner seeks to have an administrative disciplinary conviction for homicide [see Respondent's Exhibit 1] set aside. Petitioner is not contesting his state court conviction for murder, which is why he is in prison.

The Respondent filed a motion for summary judgment on June 9, 2016. As Petitioner is proceeding pro se, a Roseboro order was filed on June 10, 2016, advising Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary

---

[1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

1



judgment may be granted, thereby ending his case. Petitioner thereafter filed a response in opposition to the motion for summary judgment on August 1, 2016, the Respondent filed a reply on August 11, 2016, and Petitioner filed a sur-reply on August 22, 2016.

This matter is now before the Court for disposition.[2]

## Background and Evidence

The record and evidence before this Court shows that on January 4, 2009, Inmate Lenmont Jones was stabbed at the Lee Correctional Institution and died. See Court Docket No. 6-1, p. 54. After an investigation, Petitioner was sent to disciplinary detention as a result. See Respondent's Exhibit 1. Petitioner was subsequently charged with murder in Lee County. See Court Docket No. 6-1, pp. 54-55. However, after a trial in August 2014, Petitioner was found not guilty of this crime. See Court Docket No. 6-1, p. 55.

On September 16, 2014, Petitioner received a prison incident report charging him with a code violation #804: "Homicide: The killing of any person with/without malice, advance thought, either express or implied." See Court Docket No. 6-1, pp. 56-57. A hearing before the DHO was conducted on September 19, 2014, and Petitioner was found to have committed the prohibited act as charged. See Respondent's Exhibit 1. Petitioner filed a Notice of Appeal of this disciplinary conviction with the South Carolina Administrative Law Court ("ALC"), but since Petitioner had not lost any good time credits, made no claim for the loss of any other state created liberty or property interest, and made no contention that his sentence, sentence related credits or custody status had been

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



2

erroneously calculated, the ALC found that no liberty interest was implicated in Petitioner's filing and summarily dismissed his appeal. See Court Docket No. 6-1, p. 51. Petitioner's appeal of the ALC's decision was then dismissed by the South Carolina Court of Appeals on July 30, 2015 because Petitioner failed to pay the filing fee required by Rule 203 of the South Carolina Appellate Court Rules. See Court Docket No. 6-1, pp. 2, 53.

In this federal habeas Petition, Petitioner asks this Court to expunge his record of the homicide disciplinary conviction, arguing as follows:

> To have Petitioner disciplinary record of Level 1 disciplinary code #804 homicide, dated September 17th, 2014, expunged due to the fact that it has caused him harm in any prospects for parole, hinders any possibility to be transferred to a more minimum custody prison, and classified him as a maximum security risk, which not allows him to live in preferred living quarters such as dormitories in general prison population. All these facts are supported by supporting Attached Exhibits.

Court Docket No. 1, p. 5. Petitioner attached to his petition a memorandum wherein he sets forth in greater detail the specifics of his claim. See Court Docket No. 1-1. For example, Petitioner alleges that he "has been twice denied the chance at parole due to his custody level transferred to Kirkland's maximum prison and disciplinary conviction against him." Court Docket No. 1-1, p. 1. Petitioner also alleges that the Respondent "violated their own prison policy and certain procedures laid out in SCDC policy OP-22.14 'Inmate Disciplinary System,' as well as the Fifth, Sixth, Eighth, and Fourteenth Amendment Right of the United States Constitution." Court Docket No. 1-1, p. 2.

In his memorandum, Petitioner sets forth that on November 10, 2011 he was served with a warrant for a murder that occurred while he was housed in the general prison population at the Lee Correctional Institution, that he was subsequently tried in a court of general sessions for the murder and found not guilty, but that following his acquittal, he was charged with and convicted of homicide through the prison disciplinary system. See Court Docket No. 1-1, p. 3. Petitioner

3



"contends that he was denied and deprived adequate due process protection under the law by the Respondents, and that the intentions were callous, vicious, and malicous [sic]." Court Docket No. 1-1, p. 4. Petitioner claims he did not receive due process during the hearing as outlined in SCDC policy sections 9.1 and 9.2, and that the incident report (Court Docket No. 1-2, p. 31) and disciplinary report and hearing record (Court Docket No. 1-2, p. 32) do not comply with the requirements outlined in SCDC policy sections 3, 3.1, and 3.2. See Court Docket No. 1-1, p. 4. Petitioner further asserts that he was unable to adequately prepare his defense at the disciplinary hearing because he was only provided one page (out of four) of the incident report, and because he was unable to confront his accuser or hear the statements of the confidential informant. See Court Docket No. 1-1, p. 5. As additional bases for relief, Petitioner argues that his disciplinary charge was improper because it was made outside of the time frame set forth by SCDC policy and because Petitioner was not charged by the correct prison officials; see Court Docket No. 1-1, pp. 5-6; claims that his homicide disciplinary infraction violates double jeopardy as he was found not guilty of murder in state court; see Court Docket No. 1-1, p. 6; and that he is being subjected to cruel and unusual punishment as a result of this conviction. See Court Docket No. 1-1, pp. 6-7. Petitioner claims that he has been denied parole as a result of his disciplinary conviction, and provides two letters from the parole board to support that claim. See Court Docket No. 1-1, p. 7.

       The Respondent initially argues that Petitioner is not entitled to habeas relief because he failed to exhaust his state remedies when his appeal was dismissed by the South Carolina Court of Appeals without considering the merits of the appeal due to Petitioner's failure to pay a filing fee required by state appellate court rules. Respondent further asserts that Petitioner "readily admits" as such. See Court Docket No. 10-1, p. 7 (citing Court Docket No. 6-1, p. 2). Even so, in its reply, the



Respondent concedes that after a review of the Petitioner's prison records, it appears he had insufficient funds to pay the $100.00 filing fee in his prison account at the time of his appeal to the South Carolina Court of Appeals and that, under these circumstances, the Court may be inclined to deny summary judgment as to the "failure to exhaust" ground. See Reply Memorandum, p. 1.

However, even if exhaustion is not a proper basis for dismissal of the Petition, the Respondent also contends that Petitioner has failed to put forth a cognizable habeas claim because "[f]ederal habeas corpus relief is available only to remedy constitutional violations that affect the 'fact or duration' of an individual's 'physical imprisonment.'" See Court Docket No. 10-1, p. 8. According to the Respondent, Petitioner' disciplinary conviction for homicide did not result in the loss of any good time credit, nor would the reversal of his disciplinary conviction "'necessarily spell immediate or speedier release' from imprisonment." Court Docket No. 10-1, p. 9 (quoting Wilkinson v. Dotson, 544 U.S. 74, 81 (2005)). Finally, Respondent argues that Petitioner's disciplinary conviction does not violate the Double Jeopardy Clause because disciplinary convictions are not criminal prosecutions under the Double Jeopardy Clause, citing to Patterson v. United States, 183 F.2d 327, 328 (4th Cir. 1950).

In response, Petitioner admits that he did not lose any good time, but argues that his disciplinary conviction has nonetheless extended his sentence length, pointing to the letters from the Director of Parole Board Support Services and arguing that, after his disciplinary conviction, the Board's reasoning for rejecting Petitioner's parole "changed for the worst." See Court Docket No. 21, pp. 2-3. Petitioner further asserts that at his most recent parole hearing, he was informed by the Board that his disciplinary conviction for homicide "was the factor in his denial at parole . . . ." Court Docket No. 21, p. 3. Finally, Petitioner also argues that his disciplinary conviction implicates double



jeopardy concerns because it has the same effect as a criminal conviction but without adequate due process.  See Court Docket No. 21, p. 4.

**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11.  Further, while the federal court is charged with liberally construing  pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto,  405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

After careful consideration of the arguments and evidence submitted, the undersigned finds and concludes that Petitioner is not entitled to habeas relief from this Court under the facts presented because he did not lose any good time credits as a result of the disciplinary action imposed, and the conviction at issue has also not necessarily effected the duration of his sentence.  See Cannon v. Dretke, No. 02-1864-D, 2005 WL 562678, at *3 (N.D. Tex. Mar. 9, 2005) [Noting that "the mere possibility of parole is not a protected liberty interest", and that "[b]ecause petitioner has alleged no loss of good-time credits or denial of eligibility for release on mandatory supervision, he has stated no due process violation cognizable under 28 U.S.C. § 2254."], adopted by, 2005 WL 724473 (N.D. Tex. Mar. 30, 2005).  Although Petitioner maintains that he has been denied parole as a result of his



homicide disciplinary conviction, he has failed to establish this claim. Notably, a letter submitted by the Petitioner from the Department of Probation, Parole and Pardon Services ("DPPPS") shows that Petitioner' parole was rejected on February 7, 2013, prior to his disciplinary conviction, based on the following reasoning:

> After careful consideration of: (1) the characteristics of your current offense(s), prior offense(s), prior supervision history, prison disciplinary record, and/or prior criminal record, as described in the findings of fact below; (2) the factors published in Department Form 1212 (Criteria for Parole Consideration); and (3) the factors outlined in Section 24-21-640 of the South Carolina Code of Laws, the Parole Board concludes that parole must be denied.
>
> . . . .
>
> FINDINGS OF FACT:
>
> Nature And Seriousness Of Current Offense
> Use of Deadly Weapon In This Or Previous Offense

Court Docket No. 1-2, p. 50. In a later letter submitted by Petitioner from DPPPS dated March 12, 2015, which was now after his disciplinary conviction, the Board again rejected Petitioner's parole based on the identical reasoning, but with the additional findings of fact "Indication Of Violence In This Or Previous Offense" and "Institutional Record is Unfavorable." See Court Docket No. 1-2, p. 52.

Hence, Petitioner's parole was denied both prior to and after his homicide disciplinary conviction. Therefore, Petitioner has failed to establish that a favorable determination in this action "would . . . necessarily spell immediate or speedier release" from incarceration. Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). Petitioner's claim is similar to that of the Petitioner in Dehoney v. Ozmint, who also challenged his disciplinary convictions. As is the case here, Dehoney argued that although his convictions involved no loss of good time, his negative prison disciplinary record would



7

necessarily have a negative impact on his chances of making parole. See Dehoney v. Ozmint, No. 04-1981, 2005 WL 611974 at * 4 (D.S.C. Aug. 9, 2015). In denying this claim, the Dehoney court noted that the Fourth Circuit had held in a similar case:

> [Petitioner] does not assert that he is entitled to parole and should be released; he argues only that the parole board should consider his eligibility for parole without regard to his four allegedly invalid Virginia convictions. He also does not assert that if the four convictions are not considered he will be entitled to parole, now or ever. Thus, on the authority of Preiser v. Rodriguez, 411 U.S. 475 (1973), we think this aspect of [Petitioner's] claim for relief must be treated as a suit under 42 U.S.C. § 1983 and not as a petition for a writ of habeas corpus.

See Dehoney, 2005 WL 611974 at * 4 (quoting Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir. 1978)). Accordingly, the District Court in Dehoney granted Respondent's motion for summary judgment in that case since that petitioner was not challenging the "very fact or duration of his physical imprisonment." Id. Likewise, the Petitioner here has not alleged facts to show that his negative disciplinary record, which resulted from his homicide disciplinary conviction, has necessarily resulted in the denial to him of parole. In fact, the record confirms that he had already been denied parole prior to his homicide disciplinary conviction. Accordingly, Petitioner has not presented a cognizable habeas claim. Strader, 571, F.2d at 1269.

   Finally, federal courts have historically had the discretion to construe a mislabeled habeas corpus petition as a civil rights action. Poole v. Beard, No. 14-3044, 2016 WL 499333, at * 3 (S.D.Cal. Feb. 9, 2016)(citing Wilwording v. Swenson, 404 U.S. 249, 251 (1971)[holding that district courts have discretion to construe a habeas petition attacking conditions of confinement as a complaint under section 1983 despite deliberate choice by petitioner to proceed on habeas]); cf. Wilkinson, 544 U.S. at 81 [Noting that "§ 1983 remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner"].



However, some courts have called into question whether it is appropriate for federal courts to continue to do so in light of the Prison Litigation Reform Act of 1995 ("PLRA").

> A federal court has discretion to construe a mislabeled habeas corpus petition as a civil rights action. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (*per curiam*) (holding that state prisoners' habeas petitions could be read to plead § 1983 claims which the prisoners were entitled to have heard without exhaustion of state remedies). The Prison Litigation Reform Act of 1995 ("PLRA") may make it inappropriate to do so, however. In particular, § 1983 cases filed by prisoners are subject to a $350.00 filing fee, rather than the $5.00 dollar filing fee for habeas cases, see 28 U.S.C. § 1914(a), and the fee must be paid, even if *in forma pauperis* status is granted, through deductions from the prisoner's trust account until the $350.00 fee is paid in full. See 28 U.S.C. § 1915(b).
>
> Prisoner civil rights cases must also be administratively exhausted through the prison grievance system before a complaint may be pursued in federal court. See 42 U.S.C. § 1997e(a). Due to the PLRA's filing fee requirements, provisions requiring *sua sponte* review of complaints, and limits on the number of actions a prisoner may be permitted to file *in forma pauperis,* a prisoner should not be obligated to proceed with a civil rights action unless it is clear that he or she wishes to do so. See 28 U.S.C. § 1915; 42 U.S.C. § 1997e; Bunn v. Conley, 309 F.3d 1002, 1007 (7th Cir.2002) (stating that courts should not recharacterize the nature of a prisoner's claim because the PLRA and the Antiterrorism and Effective Death Penalty Act of 1996 created "pitfalls of different kinds for prisoners using the wrong vehicle"); cf. Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir.1997) (stating that a court should not convert a civil rights action into habeas petition due to the implications of the abuse of the writ doctrine); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.1995) (same).
>
> It is uncertain whether Petitioner is willing to pay the civil filing fee of $350.00 rather than the $5.00 habeas filing fee to pursue his claims.

DeCambra v. Sakai, No. 14-122, 2014 WL 1094939, at *2–3 (D. Haw. Mar. 18, 2014).

Accordingly, the undersigned does not find that this Court should construe Petitioner's action as a § 1983 case without his request to do so. Therefore, in response to this Report and Recommendation, the Petitioner should advise the Court if he is requesting to have the Court re-characterize this action as being one brought under § 1983. If Petitioner does so, it should be noted



that "[c]hallenges to prison disciplinary convictions fall under [the] (the *Heck/Balisok*[3]) doctrine if a result in the plaintiff's favor would necessarily impact the duration of his prison sentence regardless of whether the plaintiff seeks monetary or declaratory relief, . . . or the actual restoration of sentence reduction credits that were taken away as a punishment for the conviction." Bond v. Shofield, No. 13-0734, 2013 WL 6635041 at * 4 (M.D.Tenn. Dec. 17, 2013). However, in Bond the Court found that the Plaintiff's claims were not barred by this doctrine, because the Plaintiff in that case *was not* seeking to overturn his disciplinary conviction and a ruling in his favor on his claims would not have any impact on the duration of his current prison sentence. Bond, 2013 WL 6635041 at * 4. Although Petitioner *does* seek to overturn his disciplinary conviction in this case, the undersigned has also found above that a ruling in his favor would not impact the duration of his current prison sentence.[4] See discussion, supra. Therefore, it is not clear whether the *Heck/Balisok* doctrine would bar this claim. However, even assuming arguendo that Petitioner could proceed under § 1983 without his claims being barred under the *Heck/Balisok* doctrine, his claims would face several additional potential hurdles if the Court re-characterized his case as a § 1983 action, and both parties would need to be provided the opportunity to file any dispositive motions under the appropriate standards for § 1983 actions.

## Conclusion

Based on the foregoing, if the Petitioner notifies the Court within the time to file objections to this Report and Recommendation of his desire to pursue his claim as a § 1983 action,

---

[3] See Edwards v. Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).

[4] The Respondent has conceded this fact and argued it as a basis for summary judgment for the habeas petition.

10



then the Respondent's motion for summary judgment should be **mooted**, the appropriate filing fee should be assessed, and the parties should be allowed to file dispositive motions as appropriate within forty-five days of notice from the Court that Petitioner's motion to construe this action under § 1983 has been granted. However, if Petitioner fails to so notify the Court, then it is recommended that the Respondent's motion for summary judgment be **granted**, and that this habeas Petition be **dismissed**, with prejudice.

    The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 28, 2016
Charleston, South Carolina



11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

