**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Leroy K. Smalls, II, a.k.a. Leroy K. Smalls, #211241,  )<br>)<br>         Petitioner,  )<br>)<br>         v.  )<br>)<br>Warden of Kirkland Correctional Institution,  )<br>)<br>         Respondent.  )<br>_____  ) | Civil Action No. 9:16-cv-00639-JMC<br><br>**ORDER AND OPINION** |

Petitioner Leroy L. Smalls, II, proceeding pro se and *in forma pauperis*, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) This matter is before the court for review of the Report and Recommendation ("Report"), filed on September 28, 2016 by the Honorable Bristow Marchant. The Report recommends that this court moot Respondent's Motion for Summary Judgment (ECF No. 10) if Petitioner timely notifies the court of his desire to pursue his claim under 42 U.S.C. § 1983. (ECF No. 25 at 10-11.) Alternatively, if Petitioner fails to timely notify the court, then the Report recommends that this court grant Respondent's Motion for Summary Judgment (ECF No. 10), and dismiss Petitioner's Petition (ECF No. 1) with prejudice. (ECF No. 25 at 11.)

For the following reasons, the court **ADOPTS** the Report (ECF No. 25), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 10), and **DISMISSES** Petitioner's Petition (ECF No. 1) with prejudice.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Report contains a thorough recitation of the relevant factual and procedural background of the matter. (ECF 25 at 2-6.) The court concludes, upon its own careful review,

1

that the Report sets forth the relevant facts and legal standards, which it incorporates herein without recitation. Petitioner timely filed his objection to the Report on October 13, 2016. (ECF No. 27.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court reviews those portions that are not objected to, including those portions to which only "general and conclusory" objections have been made, for clear error. *Id.* The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

Petitioner objects and generally rehashes his earlier assertion that "his claims are cognizable in federal habeas" on "grounds of 'immediate or speedier release.'" (ECF No. 27 at 1.) Specifically, Petitioner argues that, due to a prison disciplinary hearing, (1) "he has suffered denial at parole as he has pointed out in his petition submitted" and (2) "[the disciplinary hearing is] a basis for continued denial in releasing his [sic] from maximum segregation . . . another claim that Petitioner laid out in his petition that the Magistrate failed to address." (ECF No. 27 at

2.)

    A. 42 U.S.C. § 2254

The Magistrate Judge's Report explains that Petitioner "is not entitled to habeas relief from this [c]ourt under the facts presented because he did not lose any good time credits as a result of the disciplinary action imposed, and the conviction at issue has also not necessarily effected the duration of his sentence." (ECF No. 25 at 6.) The court agrees.

Petitioner objects to the Report and argues that the "parole board informed Petitioner that he got denied not for his 1992 murder conviction but because of his disciplinary guilty verdict of homicide." (ECF No. 27 at 3.) However, a review of the two parole board decisions suggests otherwise.

On February 7, 2013, the State of South Carolina Department of Probation, Parole and Pardon Services ("DPPPS") issued the following notice of rejection to Petitioner:

> After careful consideration of: (1) the characteristics of your current offense(s), prior offense(s), prior supervision history, prison disciplinary record, and/or prior criminal record, as described in the findings of fact below; (2) the factors published in Department Form 1212 (Criteria for Parole Consideration); and (3) the factors outlined in Section 24-21-640 of the South Carolina Code of Laws, the Parole Board concludes that parole must be denied.
>
> FINDINGS OF FACT: (1) Nature And Seriousness Of Current Offense (2) Use Of Deadly Weapon In This Or Previous Offense.

(ECF No. 1-2 at 50.)

Petitioner's disciplinary hearing was held on September 19, 2014. (ECF No. 25 at 2.) On March 12, 2015, the DPPPS issued another notice of rejection to Petitioner, which indicated the decision was based on the following factors:

> FINDINGS OF FACT: (1) Nature And Seriousness Of Current Offense (2) Indication Of Violence In This Or Previous Offense (3) Use Of Deadly Weapon In This Or Previous Offense (4) Institutional Record Is Unfavorable.

3

(ECF No. 1-2 at 52.)

The court finds that the DPPPS' rejections include his previous conviction as a basis for the decision to deny Petitioner parole. That is, Petitioner was not denied parole *solely* because of the disciplinary hearing. *See* S.C. Code Ann. § 24-21-640 (2012) ("Circumstances Warranting Parole") (explaining that "[t]he board must carefully consider the record of the prisoner before, during, and after imprisonment"). Additionally, Petitioner offers no support for his claim that "granting this Petition for Petitioner . . . would immediately release Petitioner back into the prison population, change his custody status, an [sic] get him parole . . . giving him immediate release from maximum prison, and speedier release from his incarceration." (ECF No. 27 at 3.) Accordingly, the court determines that Petitioner's claim, that the only factor preventing his "immediate release" is DPPPS's reliance on a disciplinary hearing, is mere speculation.

B. 42 U.S.C. § 1983

The Report recommends to Petitioner that he "should advise the [c]ourt if he is requesting to have the [c]ourt recharacterize this action as one brought under § 1983." (ECF No. 25 at 9.) While Petitioner timely filed his objections to the Report, it is unclear if Petitioner wishes to "recharacterize" his claim upon review of his specific assertions that "[t]he Petitioner objects to the Magistrate Recommendation in part of his Petition under the grounds of 'immediate or speedier release,' and that his claims are cognizable in federal habeas . . . Petitioner accepts in part to construe all parts of his Petition not under those grounds as a § 1983 action . . . ." (ECF No. 27 at 1.) However, Petitioner also asserts that recharacterization is inadequate because, "[t]o construe this claim as a § 1983 action is the same as a dismissal because this is the only vehicle that would give the Petitioner immediate or speedier release from incarceration." (ECF No. 27 at 3.) Further, Petitioner claims "[i]n short, this is functionally a habeas corpus suit and nothing but

4

a habeas corpus suit." (ECF No. 27 at 4.)

As Judge Marchant mentions in the Report, this court has discretion to construe a mislabeled habeas corpus petition as a civil rights action. (ECF No. 25 at 8 (citing *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971)).) After the enactment of the Prison Litigation Reform Act of 1995 ("PLRA"), "some courts have called into question whether [recharacterization] is appropriate." (ECF No. 25 at 9 (citing *DeCambra v. Sakai*, No. 14-122, 2014 WL 1094939, at *2-3 (D. Haw. Mar. 18, 2014) (stating that because of PLRA's "filing fee requirements, provisions requiring *sua sponte* review of complaints, and limits on the number of actions a prisoner may be permitted to file *in forma pauperis,*" prisoners "should not be obligated to proceed with a civil rights action unless it is clear that he or she wishes to do so.")).) Therefore, because of Petitioner's ambivalence regarding the nature of his claim, the court is not persuaded that recharacterization is appropriate. *See, e.g., Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002) (explaining that a court should not change the kind of case a petitioner brings because of the pitfalls of the PLRA, "even if the *pro se* litigant has mistaken the nature of [their] claim").

Moreover, converting Petitioner's claim requires him to pay a much more substantial filing fee.[1] *See* 28 U.S.C. § 1915(b)(1) (2016) (Proceedings In Forma Pauperis) (explaining that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee"); *see also* 28 U.S.C. § 1914(a) (2016) (District Court; Filing and Miscellaneous Fees; Rules of Court) ("The clerk of each district court shall require the parties instituting any civil action . . . a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5.").

---

[1] The court observes that the Magistrate Judge's Report notes Petitioner's previous financial standing, "Respondent concedes that after a review of Petitioner's prison records, it appears he had insufficient funds to pay the $100.00 filing fee in his prison account at the time of his appeal to the South Carolina Court of Appeals." (ECF No. 25 at 5.)

5

While Petitioner timely filed his objections to the Report, there is no clear, direct request by Petitioner to recharacterize the claim before this court. Consequently, if Petitioner wishes to pursue a claim under 28 U.S.C. § 1983, then he must do so independent of this action.

## IV. CONCLUSION

For the aforementioned reasons, the court **ADOPTS** the Report (ECF No. 25), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 10), and **DISMISSES** Petitioner's Petition (ECF No. 1), with prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

March 7, 2017
Columbia, South Carolina

6